IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY B. DeLONEY, | No. CIV S-11-0059-FCD-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| WILLIAM MASS, | |
| Defendant. | |
| _____/ | |

  Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied
2  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
3  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must
4  allege with at least some degree of particularity overt acts by specific defendants which support
5  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
6  impossible for the court to conduct the screening required by law when the allegations are vague
7  and conclusory.

8  Plaintiff alleges that defendant – William Mass, plaintiff's criminal defense
9  attorney – rendered ineffective assistance of counsel.  In particular, plaintiff claims that Mr. Mass
10  "refuse[d] to work with my witnesses at hand."  When a state prisoner challenges the legality of
11  his custody – either the fact of confinement or the duration of confinement – and the relief he
12  seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is
13  cognizable in a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  See Preiser v.
14  Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir.
15  1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).  Where a
16  prisoner challenges the conditions of confinement, as opposed to the fact or duration of
17  confinement, his remedy lies in a civil rights action under 42 U.S.C. § 1983.  See Rizzo v.
18  Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985).  Thus, 28 U.S.C. § 2254 cannot be used to
19  challenge the conditions of confinement, and 42 U.S.C. § 1983 cannot be used to challenge the
20  fact or duration of confinement.

21  In this case, plaintiff's claim constitutes a challenge to the fact or duration of his
22  confinement.  Specifically, if he is successful on his claim of ineffective assistance of counsel,
23  plaintiff's underlying criminal conviction and resulting incarceration would necessarily be
24  invalid.  Because plaintiff's claims are not cognizable under 42 U.S.C. § 1983, this action must
25  be dismissed without prejudice to plaintiff's ability to seek whatever relief may be available to
26  him through a petition for a writ of habeas corpus.  See Edwards v. Balisok, 520 U.S. 641, 646

(1987) (holding that § 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction); <u>Heck v. Humphrey</u>, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 not cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceeding was concluded in plaintiff's favor); <u>Butterfield v. Bail</u>, 120 F.3d 1023, 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of procedural defects were an attempt to challenge substantive result in parole hearing).

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 16, 2011

*Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

3